LEE ROSS, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 155, 2009.
Supreme Court of Delaware.
Submitted: June 12, 2009.
Decided: July 16, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 16th day of July 2009, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The defendant-appellant, Lee Ross, filed an appeal from the Superior Court's March 9, 2009 order granting his motion for credit for time served. Ross claims that the Superior Court should have applied the credit to his current Level V sentence rather than to another suspended Level V sentence. We find no merit to the appeal. Accordingly, we affirm.
(2) The record reflects that, in January 1989, Ross pleaded guilty to Unlawful Sexual Intercourse in the Third Degree as a lesser-included offense of Unlawful Sexual Intercourse in the First Degree. He was sentenced to 20 years of Level V incarceration, to be suspended after 10 years for Level II probation. Subsequently, Ross committed numerous violations of probation ("VOPs") in connection with his sentence for third degree unlawful sexual intercourse. In January 2007, Ross pleaded guilty to Escape in the Second Degree. He was sentenced to 2 years at Level V, to be suspended for 1 year at Level II probation. His probation was to be served concurrently with his probationary sentence for unlawful sexual intercourse.
(3) In September 2007, Ross again was charged with committing a VOP, this time in connection with both of his sentences. At a hearing on November 25, 2007, Ross was found to have committed his fifth VOP in connection with his sentence for unlawful sexual intercourse and his first VOP in connection with his sentence for escape. Ross was sentenced on January 9, 2009. On the unlawful sexual intercourse sentence, he was sentenced to 5 years at Level V, with credit for 73 days previously served, to be suspended after 6 months for 6 months of Level IV work release. On the escape sentence, he was sentenced to 1 year and 9 months at Level V, to be suspended for 6 months at Level IV work release.
(4) In February 2009, Ross filed a motion to receive credit time in the Superior Court. In March 2009, the Superior Court granted Ross' motion and adjusted his sentence for unlawful sexual intercourse downward, to credit him with additional Level V time served. The corrected sentence was 4 years, 1 month and 27 days at Level V. As explained in the Superior Court's March 12, 2009 order denying Ross' subsequent petition for a writ of habeas corpus, Ross' original sentence of 10 years at Level V was reduced by 5 years, 4 months and 8 days, then 79 days, then 13 days, and, finally, 93 days, thereby ultimately reducing Ross' Level V sentence to 4 years, 1 month and 27 days.
(5) In this appeal, Ross claims that the Superior Court should have given him Level V credit against the Level V sentence for escape, which he is currently serving. Specifically, he contends that the effective date of that sentence should be changed to October 10, 2008, the date he was first detained for his latest VOP, rather than January 9, 2009, the date of his latest VOP sentencing.
(6) This Court reviews sentencing of a defendant under an abuse of discretion standard.[1] Appellate review of a sentence generally ends upon a determination that the sentence is within the statutory limits.[2] In reviewing a sentence within the statutory limits, this Court will not find error or abuse of discretion unless it is clear from the record that the sentence has been imposed on the basis of demonstrably false information or information that lacks the minimal indicia of reliability, or that the sentencing judge relied on impermissible factors or exhibited a closed mind.[3]
(7) Ross' claim is based upon a faulty factual premise. In calculating Ross' corrected sentence, the Superior Court already gave him credit for the period of October 10, 2008 and January 9, 2009, during which Ross served Level V time. To now modify the effective date for his escape sentence to October 10, 2008, would, in effect, give Ross double credit for the Level V time served during that period, an anomalous result under Delaware law. Because Ross has properly been given credit for all Level V previously served, and in the absence of any evidence of error or abuse of discretion on the part of the Superior Court, we conclude that the judgment of the Superior Court must be affirmed.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Fink v. State, 817 A.2d 781, 790 (Del. 2003).
[2] Id.
[3] Id.